Kristi M. Morley (No. 024488)
SACKS TIERNEY P.A.
4250 N. Drinkwater Blvd., 4th Floor
Scottsdale, AZ 85251-3693
Telephone:  480.425.2600
Facsimile:  480.970.4610
Kristy.Morley@SacksTierney.com

Attorneys for Larry H. Miller
Corporation-Papago, d/b/a Larry Miller Mazda

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In Re:<br><br>PAUL RICHARD TROEH<br>aka PAUL RICHARD TROEH JR.<br>PO BOX 20124<br>MESA, AZ 85277<br><br>Debtor. | No.  2:08-bk-11007-SSC<br><br>Chapter 13<br><br>**MOTION FOR RELIEF FROM AUTOMATIC STAY** |

This Motion is filed by Larry H. Miller Corporation-Papago, doing business as Larry Miller Mazda ("Larry Miller"), a secured creditor and party in interest in the above-captioned Chapter 13 bankruptcy case of Paul Richard Troeh.  Pursuant to United States Bankruptcy Code § 362 (d)(1) and (2) and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, Larry Miller requests this Court to enter an order lifting all stays and injunctions, including the automatic stay of Bankruptcy Code § 362(a), so that Larry Miller can exercise all of its rights and remedies with respect to the vehicle described below and the civil lawsuit related thereto.

This Motion is supported by:  (i) the following Memorandum of Points and Authorities and (ii) the entire record before the Court in this bankruptcy case.

...

...

...

...

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

742093

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Paul Richard Troeh ("Troeh") has manipulated the legal process to remain in possession of a Hyundai that belongs to his creditor, Larry Miller. Troeh has engaged in a pattern of allowing this bankruptcy case to be dismissed and then, moving to reinstate this bankruptcy case. Larry Miller believes this pattern of conduct is calculated to hinder and delay Larry Miller's repossession of the Hyundai and to prevent Larry Miller from prosecuting a related, civil lawsuit against Troeh. Larry Miller believes that Troeh is a suspended attorney, familiar with legal procedures, who is simply abusing the legal process to frustrate Larry Miller's attempts to recover a Hyundai that rightly belongs to Larry Miller. (*See* Printout from Arizona Bar showing suspended attorney bearing the name Paul R Troeh, Jr. attached hereto as Exhibit A).

## II. STATEMENT OF FACTS.

1.     On or about May 8, 2008, Troeh signed a contract ("Purchase Contract") to purchase a used, 2005 Hyundai Accent ("Hyundai"), Vehicle Identification Number KMHCG35C85U353515 from Larry Miller. After taking possession of the Hyundai, Troeh refused to provide the requisite paperwork to qualify for financing and refused to make other arrangements to pay for the Hyundai. Despite this, Troeh refused to return the Hyundai. Larry Miller believes that Troeh then hid the Hyundai to prevent Larry Miller from repossessing it.

2.     Troeh filed a civil lawsuit against Larry Miller on July 25, 2008 in the Superior Court of Maricopa County: *Paul Richard Troeh v. Larry Miller Corporation-Papago, doing business as Larry Miller Mazda*, Case Number CV2008-092240.[1] (*See* Complaint attached hereto as Exhibit B). Unbeknownst to Larry Miller, on August 22,

---

[1] The gist of the complaint is a claim that Larry Miller misrepresented that Troeh was pre-qualified for financing, when in fact, Larry Miller required that he provide information in order to qualify for financing.

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

742093

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

1   2008, Troeh filed a petition for relief under Chapter 7[2] of the Bankruptcy Code, in the

2   United States Bankruptcy Court for the District of Arizona (Case No. 2:08-bk-11007-SSC).

3   On September 4, 2008, not being aware of the pending bankruptcy case, Larry Miller filed

4   an answer and counter-claim in the civil lawsuit. (*See* Answer and Counter-Claim attached

5   hereto as Exhibit C). In its counter-claim, Larry Miller alleged causes of action for fraud,

6   conversion, bad check, and replevin. The counter-claim arises from Troeh's failure to pay

7   for the Hyundai.

8       3.      Troeh failed to pay the filing fee for this bankruptcy case. As a result, this

9   bankruptcy case was dismissed on November 21, 2008. The timing of the bankruptcy

10  filing and Troeh's failure to maintain the case suggest the filing was calculated to hinder

11  and delay Larry Miller's attempt to repossess the Hyundai.

12      4.      After dismissal this bankruptcy case, Larry Miler filed a Renewed

13  Application for Provisional Remedy without Notice-Replevin ("Renewed Application") in

14  the civil lawsuit. (*See* Renewed Application attached hereto as Exhibit D). Based upon

15  this, the Superior Court granted an order of replevin pursuant to the Renewed Application

16  and Counter-claim in a hearing on January 8, 2009. (*See* Minute Entry attached hereto as

17  Exhibit E).

18      5.      Twelve days later, Troeh moved to reinstate this bankruptcy case. On

19  January 21, this bankruptcy case was reinstated. (*See* Order Reinstating Case incorporated

20  herein by reference). As a result of this, the automatic stay Section 362(a) precluded Larry

21  Miller from executing upon the order or replevin.

22      6.      Again, however, this bankruptcy case was dismissed on March 24, 2009,

23  because Troeh failed to appear to be examined at the meeting of creditors. The timing of

24  his motion to reinstate and his failure to maintain this bankruptcy case suggest that the

25  motion to reinstate was calculated to frustrate Larry Miller's attempt to repossess the

26  Hyundai.

27  _____

28  [2] On September 30, 2008, this case was converted from Chapter 7 to a Chapter 13.

742093

3

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

7.     On August 11, 2009, Larry Miller filed a bond pursuant to the replevin order in the civil lawsuit.   The replevin order and necessary paperwork were delivered to the Sheriff's office for execution.   On October 7, 2009, Troeh again moved to reinstate this bankruptcy case.   And on October 14, 2009, this bankruptcy case was reinstated.

## III.   LEGAL ARGUMENT.

### A.     Larry Miller Is Entitled to Stay Relief Pursuant to Section 362(d)(2).

Bankruptcy Code Section 362(d)(2)(A) provides that the Bankruptcy Court may grant stay relief against property if the debtor does not have an equity in such property.   11 U.S.C. § 362(d)(2)(A).   Troeh has no equity or ownership interest in the Hyundai.   As set forth in the Affidavit of Terry Ferrante attached hereto as Exhibit F, Troeh never paid a single cent towards the Hyundai's purchase price. (Exhibit F at ¶ G).   Therefore, Troeh has no equity in the Hyundai.

Moreover, Troeh does not even have an ownership interest in the Hyundai.   The Purchase Contract contained a cancellation provision, which provides in part:

> 12.   SELLER'S RIGHTS IN ABSENCE OF CREDIT APPROVAL:   (a) You agree to furnish us any documentation necessary to verify information contained in the credit application. (b)  You acknowledge that it may take a few days for us to verify your credit and assign this Contract.   In consideration of our agreeing to deliver the Vehicle, you agree that if we are unable to assign this Contract to any one of the financial institutions with whom we regularly do business pursuant to terms of assignment acceptable to us, we may cancel this Contract.

(*See* Purchase Contract attached hereto as Exhibit G).   Larry Miller cancelled the contract. Under Arizona law, ownership of the Hyundai did not pass to Troeh under these circumstances. *See Childress Buick Co. v. O'Connell*, 198 Ariz. 454, 11 P.3d 413 (App. 2000).

In *Childress Buick Co.*, a Mr. Shawn Clark went to an automobile dealership ("Childress") to purchase a used, Buick Skylark. *Childress Buick Co.*, 198 Ariz. at 455, 11 P.3d at 414.   The parties executed several documents, including a purchase agreement, an "Arizona Motor Vehicle Sales Contract and Disclosure Statement" (dealing primarily with installment financing and with establishing a security interest in the Skylark), temporary

742093

registration paperwork designating Clark as the "Owner" of the Skylark, and a Title Application. *Id.* Clark obtained insurance on the Skylark immediately. *Id.* One of these documents, the purchase agreement, indicated it was "not binding on Seller until accepted in writing by officer, or Sales-Manager of Seller and until Purchaser's credit has been approved" *Id.*

Two days after Clark agreed to buy the Skylark, his financing was denied. *Id.* On this same day, a third-party crashed into the Skylark. *Id.* Mr. Clark then returned the damaged Skylark to the dealership. *Id.* The third-party's insurance refused to pay the dealership for the damage to the vehicle, contending Clark owned the vehicle at the time of the crash because the financing contingency did not preclude Clark from owning the Skylark (the insurance company had paid Clark for the damage). *Id.* The court held that ownership of the Skylark had not ever passed to Clark because he never qualified for financing and, therefore, the sale was not binding on the dealership. *Id.*

Similarly, Troeh never qualified for financing for the Hyundai. Nor did Troeh make alternative arrangements to pay for the Hyundai. Because Larry Miller cancelled the purchase contract, ownership never passed to Troeh. Therefore, Larry Miller respectfully requests this Court to grant stay relief against the Hyundai and the civil lawsuit pursuant to Section 362(d)(2)(A).

**B.      Larry Miller Is Entitled to Stay Relief Pursuant to Section 632(d)(1).**

Bankruptcy Code Section 362(d)(1) provides that the Bankruptcy Court may grant stay relief for "cause." 11 U.S.C. § 635(d)(1). The "cause" standard under Section 362(d)(1) must be interpreted broadly. *See In re Spencer*, 115 B.R. 471, 476 (D. Del. 1990); *Norton v. Hoxie State Bank*, 61 B.R. 258, 260 (D. Kan. 1986). The plain language of Bankruptcy Code Section 362(d)(1) provides that lack of adequate protection constitutes "cause." 11 U.S.C. § 362(d)(1). This Court should grant stay relief because Larry Miller's ownership interest and/or security interest in the Hyundai is not adequately protected.

In the instant case, Larry Miller has an ownership interest in the Hyundai because Troeh never qualified for financing. If Troeh were deemed to have an ownership interest in

SACKS TIERNEY P.A. ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

742093

the Hyundai, Larry Miller has a security interest in the Hyundai. The purchase contract contains the following provision:

> Security Interest: To protect us if you do not pay as promised, or if you break some other promise of this Contract, you give us a purchase money security interest in the Vehicle, all accessions thereto, and in any proceeds of the Vehicle. If the Vehicle is purchased for commercial use, this security interest also covers all equipment, accessories, and parts (other than accessions) added to the Vehicle. If the Vehicle is purchased for personal use, this security interest also covers equipment, accessories, and parts (other than accessions) added to the Vehicle within 10 days of the date of this Contract. You also give us a security interest in the proceeds of any proceeds from insurance, maintenance, service, or other contracts we finance for you, including any refund or premiums or charges from the contracts. This security interest does not cover any other debts you owe us, and this debt is not covered by any other security interest held by us. **NOTICE: BY GIVING US A SECURITY INTEREST IN THE VEHICLE DESCRIBED ABOVE, YOU WAIVE ALL RIGHTS PROVIDED BY LAW TO CLAIM THE VEHICLE EXEMPT FROM LEGAL PROCESS.**

No equity cushion exists to protect Larry Miller's ownership and/or purchase money security interest in the Hyundai. As set forth above, the value of the Hyundai is approximately $9,182.97. Troeh has failed to pay a single cent towards the Hyundai. Larry Miller's ownership and/or purchase money security interest in the Hyundai is not adequately protected. Therefore, Larry Miller respectfully requests this Court to grant stay relief against the Hyundai and the civil lawsuit pursuant to Section 362(d)(1).

## IV. CONCLUSION.

Troeh has no equity interest in the Hyundai. Furthermore, Larry Miller's ownership and/or purchase money security interest in the Hyundai is not adequately protected because Troeh has not paid a single cent towards the Hyundai's purchase price.

WHEREFORE, Larry Miller respectfully requests that the Court enter an Order:

A. Terminating the automatic stay of Bankruptcy Code § 362(a) with respect to the Hyundai and otherwise vacating all bankruptcy stays and injunctions to permit Larry Miller to exercise all its rights and remedies with respect to the Hyundai and the civil lawsuit *Paul Richard Troeh v. Larry Miller Corporation-Papago, doing business as Larry Miller Mazda*, Case Number CV2008-092240;

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693

742093

1     B.     Granting Larry Miller such other and further relief as the Court deems just

2     and proper under the facts and circumstances of this case.

3          Pursuant to Local Bankruptcy Rule 4001-1(b), a proposed form of Order is attached

4     hereto as Exhibit "2".

5          DATED this 22nd day of October, 2009.

6                                        SACKS TIERNEY P.A.

7

8                                   By: /s/ Kristi M. Morley
                                         Kristi M. Morley

9                                        Attorneys for Larry H. Miller Corporation-
                                         Papago d/b/a Larry Miller Mazda

10    COPY OF THE FOREGOING
11    Mailed this 22nd day of October, 2009, to:

12
13    Mr. Paul Richard Troeh
      P.O. Box 20124
14    Mesa, Arizona 85277

15    /s/ Carolena Toledo

16

17

18

19

20

21

22

23

24

25

26

27

28

742093

SACKS TIERNEY P.A., ATTORNEYS
4250 NORTH DRINKWATER BOULEVARD
FOURTH FLOOR
SCOTTSDALE, ARIZONA 85251-3693