**SIGNED.**

Dated: February 01, 2010

_____
**SARAH S. CURLEY**
**U.S. Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re<br><br>PAUL RICHARD TROEH,<br><br>                          Debtor. | Chapter 7<br><br>Case No. 08-11007-PHX-SSC<br><br>ORDER DENYING DEBTOR'S MOTION TO CONVERT TO CHAPTER 13 |

       This matter comes before the Court on a "Debtor's Motion to Convert to Chapter 13" ("Motion") filed on November 20, 2009 by the Paul Richard Troeh, the Debtor herein. The Court has reviewed the Debtor's Motion, and based upon the posture of this case, which the Court will elaborate upon below, the Court will deny the Debtor's request without prejudice.

       The Debtor filed his current case, as a chapter 13 petition, on August 22, 2008. Upon the request of the Debtor, the case was converted to a chapter 7 on September 30, 2008. The Debtor now seeks to reconvert his case back to a chapter 13. The Debtor indicates that a "change in [his] financial circumstances and situation has taken place." The Debtor provides no other information. There have been no amended schedules filed setting forth the nature of this change in financial circumstances. Therefore, the Court will rely upon the Debtor's original schedules for its analysis. A review of the Debtor's Schedules I and J indicate that the Debtor

set forth his monthly income as $1168 with monthly expenses of $1710, with no disposable income left over.[1]

      Pursuant to 11 U.S.C. § 706 (a) a debtor may convert a chapter 7 case to a case under chapter 11, 12, or 13, if the case has not been previously converted under section 1112, 1208 or 1307. Section 706(d) further provides that the case may not be converted to a case under another chapter unless the debtor maybe a debtor under such chapter. In this case, the Debtor originally filed his case as a chapter 13 petition, and then converted to a chapter 7 about a month later. Moreover, the Debtor's own schedules indicate that the Debtor does not have the disposable income necessary to fund a Chapter 13 plan. Since the Debtor may not be a debtor under chapter 13 based on his representation that he lacks the requisite disposable income to fund a plan, the Court cannot convert the case.

      **IT IS ORDERED** denying, without prejudice, the Debtor's Motion to Convert to Chapter 13.

      **IT IS FURTHER ORDERED** directing the Clerk's office to provide <u>immediately</u> notice of this Order to all interested parties, and file an affidavit of service thereon.

                          **SIGN AND DATED ABOVE**

---

[1] See Docket Entry No. 10.